**LAW OFFICE OF GREGORY PEACOCK**
Gregory Peacock, ESQ. (SBN. 277669)
4425 Jamboree Road, Suite 130
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

Attorneys for Plaintiff Samuel Garcia-Medina

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL GARCIA-MEDINA,<br><br>  Plaintiff,<br><br>vs.<br><br>CITY OF FONTANA; BUDDY PORCH; JOSHUA NASSAR; and DOES 1 through 10, inclusive,<br><br>  Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES FOR:<br><br>1. Violation of Fourth Amendment Rights – Unlawful Arrest;<br>2. Violation Of Fourth Amendment Rights – Excessive Force;<br>3. Violation of First Amendment – Freedom of Speech;<br>4. Violation of Fourteenth Amendment – Deliberate Fabrication of Evidence;<br>5. Violation of Fourth / Fourteenth Amendments – Malicious Prosecution;<br>6. Municipal Liability – Failure to Train and/or Discipline;<br>7. Municipal Liability – Unconstitutional Custom/Practice and/or Policy.<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES
1

**COMES NOW** Plaintiff Samuel Garcia-Medina and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1. As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. As the incidents complained of in this action occurred in the County of San Bernardino, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

3. Plaintiff Samuel Garcia-Medina, hereinafter referred to as "GARCIA-MEDINA" or "Plaintiff GARCIA-MEDINA", is a natural person, who, at all times complained of in this action, resided in the County of San Bernardino, State of California.

4. Defendant City of Fontana, hereinafter also referred to as "CITY", is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

5. Defendant Buddy Porch, hereinafter also referred to as "PORCH" is and at all times complained of herein, was, a peace officer, a police officer, employed by the Fontana Police Department, acting as an individual person under

the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with defendant CITY.

6.  Defendant Joshua Nassar, hereinafter also referred to as "NASSAR" is and at all times complained of herein, was, a peace officer, a police officer, employed by the Fontana Police Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with defendant CITY.

7.  Defendants DOES 1 through 6, inclusive, are sworn peace officers, and / or police officers and/or investigators and/or Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant CITY and/or otherwise employed by the Fontana Police Department or by some other law enforcement agency, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

8.  At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed

COMPLAINT FOR DAMAGES

by the Fontana Police Department, and were acting in the course of and within the scope of their employment with defendant CITY and/or with some other public / municipal entity.

9. Defendants DOES 7 through 10, inclusive, are sworn peace officers, Chief and/or the Assistant Chiefs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by Fontana Police Department and/or defendant City of Fontana and/or with some other public entity, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Fontana Police Department for, *inter alia*,: 1) for using excessive force upon persons; 2) unlawfully arresting persons; 3) fabricating evidence; and 4) covering up tortious conduct by Fontana Police Department peace officers.

10. At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to

their authority as the Chief and/or the Assistant Chief and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Fontana Police Department, and/or some other public official(s) with defendant CITY and/or with some other public entity, and were acting in the course of and within the scope of their employment with defendant CITY and/or with some other public entity.

11. At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with the Fontana Police Department and/or otherwise with defendant CITY[1].

12. Plaintiff is presently unaware of the identities of DOES 1 through 10, inclusive, and will amend his complaint to add and to show the actual names of said DOE defendants, when made known to plaintiff.

13. In addition to the above and foregoing, Defendant PORCH, NASSAR and DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff of his federal

---

[1] Such as a CITY executive officer.

COMPLAINT FOR DAMAGES

5

Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

14. Defendants PORCH, NASSAR and DOES 1 through 6, inclusive, acted in joint and concerted action to so deprive the plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

15. Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

16. This action has been timely brought as Plaintiff's claims were tolled during the pendency of the underlying criminal action pursuant to Government Code § 945.3.

### FIRST CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
**Violation of Fourth Amendment Rights –
Unlawful / Unreasonable Seizure / Arrest of Person
(Against Defendants PORCH, NASSAR and DOES 1 through 6, inclusive)**

17. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 16, inclusive, above, as if set forth in full herein.

18. Just after midnight on July 5, 2018, GARCIA-MEDIA and his girlfriend were sitting in the backseat of his car which was parked in the parking lot of a 7-11 in Fontana, California.

19. GARCIA-MEDINA and his girlfriend were merely sitting in his vehicle and eating some food that they had just purchased at the 7-11 store when Defendants PORCH, NASSAR and DOES 1 through 6, inclusive, approached Plaintiff's vehicle.

20. Defendant PORCH ordered GARCIA-MEDINA to roll his window down. GARCIA-MEDINA complied and rolled down his window.

21. Defendants PORCH, NASSAR and DOES 1 through 6, inclusive, then began demanding GARCIA-MEDINA's identification.

22. GARCIA-MEDINA asked the officers why they were asking for his identification because he was merely sitting in his car.

23. PORCH, NASSAR and DOES 1 through 6, inclusive, did not answer GARCIA-MEDINA and immediately demanded Plaintiff's identification again.

24. GARCIA-MEDINA again asked the defendants what he did wrong when PORCH opened the backseat door. GARCIA-MEDINA then began verbally protesting the actions of the defendants.

25. Plaintiff's girlfriend was sitting in the seat next to the door that PORCH opened.

26. PORCH entered the vehicle and reached across the backseat and attempted to pull GARCIA-MEDINA out of the vehicle.

27. NASSAR then opened the other backseat door and held Plaintiff down while PORCH was trying to pull GARCIA-MEDINA out.

28. PORCH then began punching GARCIA-MEDINA in the face.

29. NASSAR then began punching GARCIA-MEDINA and striking GARCIA-MEDINA with his elbow.

30. GARCIA-MEDINA was then slammed on to the ground where NASSAR pressed his knees on to GARCIA-MEDINA's head and neck.

31. GARCIA-MEDINA was begging the defendants to stop because he could not breathe.

32. PORCH, NASSAR and DOES 1 through 6, inclusive, then placed GARCIA-MEDINA in handcuffs.

33. Paramedics arrived on scene and provided treatment to GARCIA-MEDINA for the injuries that PORCH, NASSAR and DOES 1 through 6, inclusive, caused.

34. GARCIA-MEDINA was transported to Arrowhead Regional Medical Center for further medical treatment.

35. GARCIA-MEDINA was then taken to West Valley Detention Center were he was booked on bogus charges of violating Penal Code § 69 (attempting to resist an executive officer by means of violence or threats of violence.)

COMPLAINT FOR DAMAGES

36. PORCH and NASSAR then authored police reports which contained several material misrepresentations. The bogus reports alleged, *inter alia*, that GARCIA-MEDINA was fighting with the officers and kicking the officers while resisting arrest. GARCIA-MEDINA did none of these things.

37. On November 21, 2018 San Bernardino County District Attorney's Office then filed a criminal Complaint against GARCIA-MEDINA, based upon the misrepresentations in PORCH and NASSAR's reports.

38. The criminal action was dismissed in the interest of justice on August 5, 2020.

39. As complained of herein above, none of the defendants to this action had a warrant for plaintiff's arrest, nor probable cause to believe that plaintiff had committed a crime, nor reasonable suspicion of criminality afoot by the plaintiff, or any suspicion that the plaintiff was a danger to anyone or anything.

40. Accordingly, the detention and arrest of plaintiff by Defendants PORCH, NASSAR and DOES 1 through 6, inclusive, by threatened use of force, constituted an unlawful and unreasonable seizure of plaintiff, in violation of his rights under the Fourth Amendment to the United States Constitution.

41. As a direct and proximate result of the actions of defendants PORCH, NASSAR and DOES 1 through 6, inclusive, as complained of herein, plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and

general damages and expenses in an amount to be proven at trial which is in excess of $3,000,000.

42. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant CITY, in an amount to be proven at trial in excess of $2,000,000.00.

### SECOND CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
**Violation of Fourth Amendment Rights -**
**Excessive/Unreasonable Use of Force on Person**
**(Against PORCH, NASSAR and DOES 1 through 6, inclusive)**

43. Plaintiff hereby realleges and re-incorporates by reference the allegations set forth in paragraphs 1 through 42 inclusive, above, as if set forth in full herein.

44. As mentioned above and in addition to the above and foregoing, when GARCIA-MEDINA was unlawfully arrested, he was physically beaten and tortured by PORCH, NASSAR and DOES 1 through 6, inclusive.

45. The actions of Defendants PORCH, NASSAR and DOES 1 through 6, inclusive, as complained above herein, constituted a violation of GARCIA-MEDINA's rights under the Fourth Amendment to the United States Constitution to be free from the use of unlawful and unreasonable and excessive force upon his person.

46. As a direct and proximate result of the actions of Defendants PORCH, NASSAR and DOES 1 through 6, inclusive, GARCIA-MEDINA was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses, 3) incurred lost wages and profits, and 4) suffered terrible physical injury, pain and suffering, as well as mental and emotional pain and suffering, and 5) suffered / is suffering lost wages and profits; all in an amount to be proven at trial; in excess of $3,000,000.00.

47. The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of GARCIA-MEDINA's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save CITY, in an amount to be proven at trial, in excess of $2,000,000.00.

**THIRD CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of First Amendment Rights - Freedom of Speech**
**(Against Defendants PORCH, NASSAR and DOES 1 through 6, inclusive)**

48. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 47, inclusive, above, as if set forth in full herein.

49. Moreover, the conduct of Defendant PORCH, NASSAR and DOES 1 through 6, inclusive, violated GARCIA-MEDINA's right to freedom of speech, specifically when PORCH, NASSAR and DOES 1 through 6, inclusive, brutally

beat GARCIA-MEDINA in retaliation against GARCIA-MEDINA for protesting their unlawful actions.

50. PORCH, NASSAR and DOES 1 through 6, inclusive, further retaliated against GARCIA-MEDINA when they attempted to procure a criminal judgment against GARCIA-MEDINA which could have prevented GARCIA-MEDINA from seeking redress for the unlawful actions of defendants.

51. A substantial or motivating factor in the decisions of the various defendants to take the adverse actions against plaintiff as complained of in this action, was GARCIA-MEDINA's exercise of his right to freedom of speech under the First Amendment to the United States Constitution.

52. Moreover, said defendants would not have taken said adverse actions against GARCIA-MEDINA, had GARCIA-MEDINA not exercised his right to freedom of speech under the First Amendment to the United States Constitution.

53. The conduct of PORCH, NASSAR and DOES 1 through 6, inclusive, would chill a person of ordinary firmness from continuing to engage in constitutionally protected activity.

54. As a direct and proximate result of said adverse actions taken against said plaintiff by said defendants as described above, plaintiff suffered serious bodily injury, severe mental and emotional distress, medical and psychological costs and expenses, lost wages / profits, attorney's fees and other special damages; all in an amount to be proven at trial, in excess of $3,000,000.00.

55. The actions of defendants and each of them, as complained of herein, were done maliciously and in reckless disregard of plaintiff's constitutional rights sufficient for an award of punitive / exemplary damages against said defendants, save defendant CITY, in an amount to be proven at trial, in excess of $2,000,000.00.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourteenth Amendment Rights -**
**Deliberate Fabrication of Evidence**
**(Against PORCH, NASSAR and DOES 1 through 6, inclusive)**

56. Plaintiff hereby realleges and incorporates by reference the Allegations set forth in paragraphs 1 through 55, inclusive, above, as if set forth in full herein.

57. PORCH, NASSAR and DOES 1 through 6, inclusive, deliberately fabricated evidence that was used to criminally charge and prosecute GARCIA-MEDINA.

58. PORCH, NASSAR and DOES 1 through 6, inclusive's reports of the incident complained of in this action are littered with material misrepresentations.

59. The reports were ultimately submitted to the San Bernardino County District Attorney's Office and relied upon during the prosecution of GARCIA-MEDINA.

60. Defendants knew that they were misrepresenting the facts of this

incident and were deliberately indifferent to the fact that their misrepresentations were relied upon during the prosecution of GARCIA-MEDINA.

61. The actions of PORCH, NASSAR and DOES 1 through 6, inclusive, as Complained of herein, constituted a violation of GARCIA-MEDINA's rights under the Fourteenth Amendment to the United States Constitution.

62. As a direct and proximate result of the actions of Defendants PORCH, NASSAR and DOES 1 through 6, inclusive, inclusive, as complained of herein, GARCIA-MEDINA: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $3,000,000.00.

63. The actions of said Defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of GARCIA-MEDINA's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for Defendant CITY, in an amount to be proven at trial which is in excess of $2,000,000.00.

**FIFTH CAUSE OF ACTION**
**MALICIOUS PROSECUTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation Of Fourth And Fourteenth Amendment Right**
**(Against Defendants PORCH, NASSAR and DOES 1 through 6, inclusive)**

64. Plaintiffs hereby reallege and incorporates by reference the allegations set forth in paragraphs 1 through 63, inclusive, above, as if set forth in full herein.

65. As shown above, PORCH, NASSAR and DOES 1 through 6, inclusive falsely arrested plaintiff GARCIA-MEDINA and did not have probable cause to arrest GARCIA-MEDINA.

66. Also as shown above, PORCH, NASSAR, and DOES 1 through 6, inclusive, knew that plaintiff GARCIA-MEDINA had not committed any crimes, and, nonetheless, authored bogus police reports, and accused plaintiff GARCIA-MEDINA of various acts to show that plaintiff had committed a crime.

67. Said police reports by PORCH, NASSAR and DOES 1 through 6, inclusive, also contained material misrepresentations of facts and material omission of facts upon which the San Bernardino County District Attorney's Office relied, in large part, in deciding to file and to maintain the criminal prosecution of the plaintiff GARCIA-MEDINA.

68. Moreover, said criminal action against GARCIA-MEDINA was terminated in his favor, in a manner inconsistent with guilt.

69. Moreover, as shown above, none of said defendant officers had probable cause to believe that GARCIA-MEDINA committed a crime.

70. Moreover, said criminal action was procured by said defendants with malice.

71. Moreover, as California does not provide for any remedy for an aggrieved malicious prosecution victim to sue a public employee for the filing and/or procurement of a bogus criminal action, pursuant to *Parratt v. Taylor*, 451

COMPLAINT FOR DAMAGES

15

U.S. 527 (1981), the actions of said defendants constituted a violation of the Fourth, Ninth and Fourteenth Amendments to the United States Constitution.

72. As a direct and proximate result of the actions of Defendants PORCH, NASSAR, and DOES 1 through 6, inclusive, as complained of herein, Plaintiff GARCIA-MEDINA: 1) was substantially physically, mentally and emotionally injured, 2) incurred medical and psychological costs, bills and expenses, 3) lost the use and possession of his real and personal property and 4) incurred other special and general damages and expenses, including attorney's fees and associated costs; all in an amount to be proven at trial which is in excess of $3,000.000.00.

73. The actions of Defendants PORCH, NASSAR, and DOES 1 through 6, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive exemplary damages against all defendants, save for defendant CITY, in an amount to be proven at trial which is in excess of $2,000,000.00.

### SIXTH CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
**FEDERAL CLAIM FOR FAILURE TO PROPERTY TRAIN AND FOR FAILURE TO PROPERLY HIRE / FIRE / DISCIPLINE**
**(Against Defendant CITY)**

74. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 73, inclusive, above, as if set forth in full herein.

75. As complained of herein above, the acts of Defendants PORCH, NASSAR and DOES 1 through 6, deprived plaintiff of his rights under the laws of the United States and The United States Constitution.

76. The training policies of CITY were not adequate to train its police officer employees to properly and lawfully handle situations similar to the one they were presented with when they confronted plaintiff, including training on when they may detain and arrest persons and the use of reasonable force.

77. CITY was deliberately indifferent to the obvious consequences of its failure to train its police officer employees adequately, to wit; 1) to train its deputies and officers, that in the State of California, that a failure of one to identify oneself to a peace officer, even during an investigatory detention, is not a violation of Cal. Penal Code § 148(a)(1) or Cal. Penal Code § 69, and 2) not to use unreasonable force.

78. The failure of CITY to provide adequate training caused the deprivation of plaintiff's rights by defendants PORCH, NASSAR and DOES 1 through 6, inclusive.

79. CITY's failure to train is closely related to the deprivation of plaintiff's rights as to be the moving force that ultimately caused plaintiff's injuries.

80. As a direct and proximate result of the actions of defendants as complained of herein, Plaintiff: 1) was substantially physically, mentally and

COMPLAINT FOR DAMAGES

emotionally injured; 2) incurred medical and psychological costs, bills and expenses; 3) and incurred other special and general damages, including attorney's fees, investigator fees and associated litigation costs and expenses; all in an amount to be proven at trial in excess of $3,000,000.00.

## SEVENTH CAUSE OF ACTION
### [VIOLATION OF 42 U.S.C. § 1983]
### Claim Against Local Governing Body Defendants Based On Official Policy, Practice, Or Custom
### (Against Defendant CITY)

81. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 80, inclusive, above, as if set forth in full herein.

82. As shown above, the actions of Defendants PORCH, NASSAR and DOES 1 through 6, inclusive, deprived the plaintiff of his particular rights under the United States Constitution, as described above.

83. At all times complained of herein, Defendants PORCH, NASSAR and DOES 1 through 6, inclusive, were acting pursuant to the policies, customs, usages and practices of the Fontana Police Department / defendant CITY: 1) falsely arresting persons, 2) using unreasonable force; 3) maliciously prosecuting persons; and 4) for covering-up unlawful and tortious conduct by Fontana Police Department personnel and were a proximate cause of the very same federal constitutional violations complained of by the plaintiff in this action.

84. Said actions of said defendants were done by them under the color of state law.

85.  As a proximate result of said defendants acting pursuant to said policies, customs, usages and practices of defendants CITY, above-described, said defendants committed said actions complained of above.

86.  As a direct and proximate result of the actions of defendants CITY, as complained of herein, plaintiff: 1) was substantially physically, mentally and emotionally injured, and great physical, mental and emotional pain, suffering and distress; 2) incurred medical and psychological costs, bills and expenses, 3) incurred expenses to repair damaged property; 4) incurred lost profits and wages, and 5) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $3,000,000.00 for each plaintiff.

**WHEREFORE**, plaintiff prays for judgment as follows:

a) For a judgment against all defendants for compensatory damages in an amount in excess of $3,000,000.00;

b) For a judgment against all defendants, save defendant CITY, for punitive damages in an amount in excess of $2,000,000.00;

c) For an award of reasonable attorney's fees and costs;

d) For a trial by jury; and

e) For such other and further relief as this honorable court deems just and equitable.

                                              /s/ Gregory Peacock
                                              GREGORY PEACOCK